# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: WILLIAM GARY WHITE, III | ) | 3:11-mc-65 |
| (Disciplinary Proceeding) | ) | OPINION AND ORDER |

This matter is before the court on request by attorney William Gary White, III, ("Mr. White") that this court reconsider its decision to impose reciprocal discipline pursuant to this district's Rules of Disciplinary Enforcement ("RDE"). *See* Dkt. No. 1-1 (email request from Mr. White); Local Civil Rule 83.I.08, D.S.C. (RDE). The discipline at issue, a ninety day suspension, was issued following a ninety day suspension of Mr. White by the South Carolina Supreme Court for violation of the South Carolina Rules of Professional Conduct. *In re White*, Slip. Op. No. 26939 (S.C. Mar. 7, 2011) (attached).

## PROCEDURE

After receiving this request, the court granted Mr. White a hearing before a three judge panel comprised of the undersigned, Judge Cameron McGowan Currie, and Senior Judge G. Ross Anderson. The hearing was conducted on April 27, 2011, at 11 a.m. in the Matthew J. Perry, Jr. Federal Courthouse in Columbia, South Carolina. The three judges of that panel, thereafter, made a report to the full court together with the relevant documents and a recommendation. In following this course, the court applied the procedures set by RDE V (E)-(G). The judges of the court have concurred in the recommendation of the panel. This decision is, therefore, the decision of the court sitting *en banc*.

## DISCUSSION

Admission to the Bar of the Supreme Court of South Carolina ("South Carolina Bar") is a requirement for admission to this court's bar. Local Civil Rule 83.I.02 ("Eligibility"). In light of

this requirement and the practical implications of a South Carolina attorney practicing in this court while suspended from the South Carolina Bar,[1] this court imposes automatic reciprocal suspension when an attorney is suspended from the South Carolina Bar. As explained in RDE II (G):

> If an attorney admitted to practice before this Court is disbarred or suspended by the Supreme Court of South Carolina, such suspension or disbarment shall be immediately effective in this court. The nature and term of discipline shall be identical unless this Court determines that the misconduct justifies a more severe disciplinary action, in which case the attorney will be given notice and an opportunity to demonstrate that the imposition of a more severe disciplinary action is unwarranted.

Although automatically imposed when based on a suspension or disbarment by the South Carolina Supreme Court, reciprocal discipline is subject to review under the standards set by *Selling v. Radford*, 243 U.S. 46, 51 (1917). That decision requires consideration of whether (1) the state procedure was wanting in due process due to a failure to give notice or allow counsel to be heard, (2) there was such an infirmity of proof as to give rise to a clear conviction that the state court decision should not be accepted, or (3) there is some other grave reason that convinces the federal court that it should not give reciprocal effect to the state court decision.[2]

The state court's suspension at issue here was based, *inter alia*, on a finding that Mr. White violated his duty of civility through language in a letter written on behalf of his client, a church. That letter, which was copied to a number of individuals, referred to an employee of the local government with which the church had a dispute as having "no brains" and questioned whether "he has a soul."

---

[1] *See generally In re Chastain*, 356 S.E.2d 19 (S.C. 2003) (finding attorney engaged in the unauthorized practice of law by acting as a county attorney's office manager while suspended from the practice of law).

[2] When an attorney is suspended by another state's bar, a *Selling* review is made prior to imposition of discipline in this court. *See* RDE II (D). The difference in treatment for members of the South Carolina Bar reflects the practical difficulties mentioned in footnote 1.

It also referred to individuals who acted on behalf of the local government as "pagans" and "pigheaded[]."

In challenging reciprocity of discipline, Mr. White argued that the state court's decision failed to give fair notice of what was and was not allowed in terms of speech. He also suggested that his (or his client's) right to free speech was infringed by the decision.[3] Based on these arguments, Mr. White asked that this court allow him to continue practicing in Federal Court during his state court suspension, although he conceded that such practice might result in a further charge that he engaged in the unauthorized practice of law. He also asked that this court provide an advisory opinion as to what is and is not allowed in the way of attorney speech.

The court assumes without deciding that these arguments raise a challenge under the third (other grave reason) prong of *Selling*. That challenge is not, however, well founded. While the line between civility and incivility may, at times, be gray, this is not a case which approaches that line. Any reasonable person would have understood Mr. White's comments to be not merely offensive, but highly personal and totally unnecessary to any legitimate legal argument. The First Amendment, likewise, raises no grave concerns as it is well within the state court's authority to impose limitations of this nature on the conduct of attorneys, given their role as officers of the court. *See In re Sawyer*, 360 U.S. 622, 646-47 (1959) (Stewart, J., concurring) ("Obedience to ethical precepts may require abstention from what in other circumstances might be constitutionally protected speech"). It follows that there is no "grave reason" not to give the natural effect (of reciprocal suspension) to the South

---

[3] Mr. White suggested that the letter was drafted by his clients, thus implicating their right to free speech, but that he signed it in order to give it more weight.

Carolina Supreme Court's decision.[4]

## CONCLUSION

For the reasons set forth above, this court, sitting *en banc*, DENIES Mr. White's request for an advisory opinion and REAFFIRMS its decision to suspend him from practice in this court for the duration of his suspension from the Bar of the South Carolina Supreme Court.

**AND IT IS SO ORDERED**.

For the court,

David C. Norton
Chief United States District Judge

Charleston, South Carolina
May 16, 2011

---

[4] The South Carolina Supreme Court has issued a subsequent decision which provides additional guidance as to language that is not acceptable. *See In re Anonymous*, Slip Op. No. 26994 (S.C. Apr. 25, 2011).